# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BADER DISNEY PEDRAZA CACERES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,[1]<br><br>Respondents. | Case No. 1:26-cv-01168-JLT-EPG (HC)<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; GRANTING MOTION TO PROCEED UNDER PSEUDONYM; AND ORDERING PETITIONER'S IMMEDIATE RELEASE[2]<br><br>(Docs. 1, 2.) |

## I.     INTRODUCTION

Before the Court for decision is Bader Disney Pedraza Caceres' request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 8 at 3.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents.

[2] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 4.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1  subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 8.)
2  Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an asylum seeker from Colombia who entered the United States on March 26, 2023, at which time he was apprehended by federal immigration officials. (Doc. 2 at 6.) Petitioner was subsequently granted interim parole pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act. (*Id*.) From the time she entered the United States, Petitioner claims to have strictly complied with all ICE reporting requirements, including weekly photo check-ins, in-person appointments, and home visits, without any violations or incidents. (*Id*.)

On January 13, 2026, Petitioner was arrested "based on a false allegation that she submitted late photo reports" when she reported to a regular ICE check-in. (*Id*.) She is currently being detained at the California City Detention Facility in California City, California. (*Id*. at 7.)[3]

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 8.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz*

---

[3] Petitioner also claims that during her detention, officers coerced Petitioner into signing a document granting temporary custody of her U.S.-citizen daughter to the child's father by threatening to take the child if she refused. (*Id*.)

*Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Thus, for the reasons set forth, the Court **ORDERS:**

    1.    The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

    2.    Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

    3.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

    4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner

IT IS SO ORDERED.

    Dated:   **February 25, 2026**

UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.